```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
IN RE FLAG TELECOM HOLDINGS, LTD.       :
SECURITIES LITIGATION                             02 Civ. 3400 (WCC)
                                        :
THIS DOCUMENT RELATES TO:                             OPINION
                                        :             AND ORDER
ALL ACTIONS
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                        MILBERG WEISS BERSHAD &
                                          SCHULMAN, LLP
                                        **Lead Counsel for Plaintiff and the Class**
                                        One Pennsylvania Plaza
                                        New York, New York 10119

BRAD N. FRIEDMAN, ESQ.
RACHEL S. FLEISHMAN, ESQ.

       Of Counsel

                                        MILBANK, TWEED, HADLEY & McCLOY LLP
                                        **Attorneys for Defendant Citigroup Global Markets, Inc.**
                                        One Chase Manhattan Plaza
                                        New York, New York 10005

JAMES N. BENEDICT, ESQ.
DAVID R. GELFAND, ESQ.
DOUGLAS W. HENKIN, ESQ.

       Of Counsel

*Copies Mailed to Counsel of Record*

**CONNER, Senior D.J.:**

Plaintiffs Peter Loftin, Norman H. Hunter and Joseph Coughlin (collectively, "plaintiffs") move pursuant to Rule 45 of the Federal Rules of Civil Procedure to quash a subpoena served by defendant Citigroup Global Markets, Inc. ("Citigroup") on non-party KPMG LLP ("KPMG"). For the reasons stated herein, plaintiffs' motion is granted.

**BACKGROUND**

The facts of this case are set forth extensively in our previous opinions, familiarity with which is presumed. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D.177 (S.D.N.Y. 2006); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 411 F. Supp. 2d 377 (S.D.N.Y. 2006); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429 (S.D.N.Y. 2005); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d 249 (S.D.N.Y. 2004). Accordingly, we set forth only the procedural and factual history necessary for decision on the present motion.

As outlined in our previous Opinion and Order dated June 21, 2006, (the "June 21, 2006 Order"), Andres Bande, Edward McCormack, Larry Bautista, Daniel Petri, Edward McQuaid, Philip Seskin and Dr. Lim Lek Suan (the "individual defendants") and Citigroup (collectively, the "defendants") served plaintiffs with a request for the production of documents. Included was a request for "[a]ll documents concerning any litigation, including prior to the Relevant Time Period,[1] in which you have been (i) a named or lead plaintiff or (ii) a defendant and in which fraud, deceit, or misrepresentation was alleged."

---

[1] The document defines the "Relevant Time Period" as January 1, 1998 to the date of production.

On April 22, 2005, plaintiffs served their objections to the individual defendants' document requests and, in response to the requests, plaintiffs produced over 4,000 pages of publicly available documents filed in an unrelated action against KPMG,[2] as well as Loftin's Morgan Stanley brokerage account statements from December 1998 through April 2002 related to FTHL securities transactions and account reconciliations. After several unsuccessful meet and confer sessions, the individual defendants filed a motion to compel plaintiffs to produce documents responsive to their requests.

In addition, Citigroup served KPMG with a subpoena on April 13, 2006. (Friedman Decl., Ex. C.) That subopoena requested:

> 1. All Documents and Communications Concerning any Tax Services provided by KPMG to Mr. Peter Loftin during the period January 1, 1998 through April 12, 2002, including without limitation any Documents Concerning securities investments made in connection with Mr. Loftin's use of BLIPS, FLIP or OPIS tax shelters.
> 2. All Documents and Communications Concerning any purchases or sales of Flag Telecom securities in connection with any client's use of BLIPS, FLIP or OPIS tax shelters.

(*Id.*)[3]

In response to Citigroup's service of the subpoena on KPMG, Loftin filed the instant motion to either quash the subpoena or, in the alternative, to stay the subpoena pending the Court's resolution on the motion to compel. While the present motion was pending, this Court, by the June 21, 2006 Order, denied the individual defendants' motion.

---

[2] Loftin filed a separate action against various defendants including KPMG in which he alleges that he was fraudulently sold unregistered and illegal tax shelters (the "KPMG Litigation").

[3] The subpoena defines the term "BLIPS" as "Bond Linked Issue Premium Structure"; the term "FLIP" as "Foreign Leveraged Investment Program"; and the term "OPIS" as "Offshore Portfolio Investment Strategy."

2

**DISCUSSION**

**I.      Standing**

Generally, absent a claim of privilege, a party does not have standing to object to a subpoena served on a non-party. *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975). However, a party may have "a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas." *Sierra Rutile Ltd. v. Katz*, No. 90 Civ. 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994); *see Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990) (finding a party had standing to challenge a subpoena served on non-party financial institutions based on privacy grounds). As the documents sought deal with Loftin's financial affairs, he has standing to challenge the subpoena.

**II.     Relevance of the Documents Sought**

Having determined that Loftin has standing to challenge the subpoena, our next inquiry is whether the material sought is relevant. *See During v. City Univ. of N.Y.*, No. 05 Civ. 6992, 2006 WL 2192843, at *3 (S.D.N.Y. Aug. 1, 2006) ("Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement.") (collecting cases); *see also Langford*, 513 F.2d at 1126 (upholding trial court's order quashing a subpoena on plaintiff's motion where the records "had no relevance to the main issues in the case"); *see Syposs v. U.S.*, 181 F.R.D. 224, 228 (W.D.N.Y. 1998).

The KPMG documents sought in the subpoena are the same or similar to the documents sought in defendants' prior motion to compel. This Court has already determined that these

documents are not likely to lead to the discovery of relevant evidence. Plaintiffs have already voluntarily produced over 4,000 pages of publicly filed documents from the KPMG Litigation as well as other documents, including all brokerage account statements from December 1998 through April 2002 and an account reconciliation, related to plaintiffs' investments in FTHL securities transactions. To permit Citigroup to obtain, through a subpoena to a non-party, documents that we have already determined irrelevant would permit it to circumvent our prior decision. It is unclear why Citigroup did not withdraw the subpoena served on KPMG after having received this Court's prior ruling on the relevancy of these documents. Accordingly, plaintiff's motion to quash is granted.

## CONCLUSION

For all of the foregoing reasons, the motion of plaintiffs Peter Loftin, Norman H. Hunter and Joseph Coughlin to quash the subpoena served on KPMG LLP by Citigroup Global Markets, Inc. is granted.

SO ORDERED.

Dated: White Plains, New York
       September 13, 2006

_William C. Conner_
Sr. United States District Judge

4