USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE FLAG TELECOM HOLDINGS, LTD.
SECURITIES LITIGATION

THIS DOCUMENT RELATES TO: All Actions

Master File No. 02-CV-3400
(CM) (PED)

---

## PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on June 21, 2010, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 23rd day of June, 2010 that:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

2. Pursuant to Rules 23(a), (b)(3), and (c)(1)(C) of the Federal Rules of Civil Procedure, this Court's prior order certifying this action as a class action (which prior order was itself amended by the Second Circuit Order) is amended and this Action is hereby certified as a

class action on behalf of all persons or entities who purchased the common stock of FLAG Telecom Holdings Limited ("FLAG") between March 6, 2000 and February 13, 2002, as well as those who purchased FLAG common stock pursuant to or traceable to FLAG's IPO between February 11, 2000 and May 10, 2000, inclusive, and who were damaged thereby, but excluding any such purchasers who sold all of their FLAG shares prior to February 13, 2002. Also excluded from the amended Class definition are (1) the current and former defendants herein, members of the immediate family of any current or former individual defendant herein, any entity in which any current or former defendant herein has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party; (2) Verizon Communications, Inc.; and (3) entities that had the right to appoint a director to FLAG's board of directors and proceeded to make such an appointment (or, for reasons unique to them, chose not to exercise such right), including, but not limited to, Dallah Albaraka Holding Company, Telecom Asia Corporation Public Co. Ltd., Marubeni Corporation, The Asian Infrastructure Fund, and Tyco International Ltd. No Investment Vehicle is excluded from the amended Class definition.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs Peter T. Loftin and Joseph Coughlin are certified as Class Representatives and Plaintiffs' Lead Counsel are certified as Class Counsel.

4. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on October 29, 2010, at 2:00 P.m. for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

5. The Settlement Fairness Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Fairness Hearing or at the scheduled time of any adjournment of the Settlement Fairness Hearing. The Court may consider modifications of the Settlement (with the consent of Lead Plaintiffs and the Defendants) without further notice to the Class.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

8. The Court approves the appointment of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before July 16, 2010, to all Class Members who can be identified with reasonable effort. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased FLAG common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) days of their receipt of the Notice, (a) to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners; or (b) to request additional copies of the Notice and Proof of Claim from the Claims Administrator and within seven (7) days of receipt of the copies of the Notices and Proof of Claim forms from the Claims Administrator to mail the Notice and Proof of Claim to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim

to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

9. The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Lead Counsel shall cause the Publication Notice to be published in the national edition of *The Wall Street Journal* and to be transmitted over the National Circuit of *Business Wire* within ten days of the mailing of the Notice. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

10. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11. In order to be entitled to participate in the Net Settlement Funds, in the event the Settlement is effected (in whole or in part) in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than November 30, 2010. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Funds. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of

Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

    (c)  As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

    12.  Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Funds, and shall forever be barred from sharing in the Net Settlement Funds. Any such member of the Class, however, in all other respects shall be subject to and bound by all of the terms of the Settlement, including the terms of the Stipulation, the Order and Final Judgment and the releases provided for by the Stipulation and the Order and Final Judgment unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

    13.  Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _September 22_, 2010 (a date at least thirty (30) days before the date of the Settlement Fairness Hearing) to the Claims Administrator at the address designated in the Notice. Any such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in the FLAG Telecom Securities Litigation, and must be signed by such person. Such persons requesting exclusion are

also requested to state: the date(s), price(s), and number(s) of shares of all purchases and sales of FLAG common stock during the Class Period. Within two business days of its receipt of any such requests for exclusion, the Claims Administrator shall electronically provide copies of such requests to counsel for all parties to the Stipulation.

14. Class Members properly requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Funds as described in the Stipulation and Notice.

15. Any Class Member may be heard and/or appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why the Order and Final Judgment should not be entered thereon; why the proposed Plan of Allocation should not be approved as fair, reasonable and adequate; or why Plaintiffs' Lead Counsel should not be awarded attorneys' fees and payments of expenses in the amounts sought by Plaintiffs' Lead Counsel; provided, however, that no Class Member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered, the proposed plan of allocation or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before September 22, 2010, the Class Member has served by hand or by first-class mail written objections and copies of any supporting papers and briefs (which must contain proof of purchase of FLAG common shares during the Class Period) upon Brad N. Friedman, Esq., Milberg LLP, One Penn Plaza, New York, New York 10119-0165, on behalf of the Lead Plaintiffs and the Class; and Jerome S. Fortinsky, Esq., Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022-6069 on behalf of the Individual Defendants and Douglas W. Henkin, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

- 8 -

Plaza, New York, New York 10005-1413 on behalf of Citigroup Global Markets Inc., and has filed the objections, papers and briefs showing due proof of service upon all counsel identified above with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

16. Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or the adequacy of representation and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed forever to have waived such objection and shall forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, the adequacy of representation or the application by Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

17.     Pending final determination of whether the Settlement should be approved, the Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party. Pending the Settlement Fairness Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

18.     This Order, the Stipulation, and any of their terms and provisions, any agreement or order relating thereto, all negotiations or proceedings connected with it, documents or statements referred to therein, and any payment or consideration provided for herein, shall not constitute evidence, or an admission by any of the Defendants or the other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any of the Defendants or any other Released Parties. This Order, the Stipulation, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

19.     As provided in the Stipulation, Plaintiffs' Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

20. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Lead Counsel, Counsel for the Individual Defendants or Counsel for CGMI elects to terminate the Settlement (with respect to the Individual Defendants and/or CGMI) as provided in ¶¶ 22 or 24 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and void (with respect to the settlement with the terminating Defendant(s)), of no further force or effect (with respect to the settlement with the terminating Defendant(s)) and without prejudice to any non-settling party, and may not be introduced as evidence or referred to in any actions or proceedings by any non-settling person or entity, and each non-settling party shall be restored to his, her or its respective position as it existed immediately prior to the acceptance of the Mediator's Proposal.

21. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:   New York, New York
         23 June, 2010

_____
Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE